United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JORDAN AMIR LEWIS,

Plaintiff,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al.,

Defendants.

Case No. 26-cv-11028-HSG

**ORDER DENYING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

Re: Dkt. No. 3

Pending before the Court is Plaintiff Jordan Amir Lewis's motion for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue. ("Mot."), Dkt. No. 3. The Court **DENIES** the Motion.

## I. BACKGROUND

Plaintiff seeks an order compelling Defendants[1] to allow him to participate in Division 1 baseball with Defendant University of San Francisco while the Court considers Plaintiff's challenge to his ineligibility determination. Mot. at 1; *see* ("Compl."), Dkt. No. 1 ¶¶ 1–4, 33.

The day this case and the Motion were reassigned to the undersigned, the Court issued an order directing Plaintiff to serve Defendants via email with the Complaint, Plaintiff's TRO Motion and supportive documents, and the Court's Order declining to rule on the TRO without notice to Defendants and an opportunity for them to be heard under Federal Rule of Civil Procedure 65(b)(1). Dkt. No. 11 at 1. Defendant National Collegiate Athletic Association filed an opposition, and the University of San Francisco did not. Dkt. No. 14. Plaintiff did not file a reply.

[1] Defendants listed on Plaintiff's Complaint are: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; and UNIVERSITY OF SAN FRANCISCO. Dkt. No. 1 ¶¶ 9–10.

United States District Court
Northern District of California

*See* Dkt. No. 11 at 1. The matter was deemed submitted pursuant to Local Rule 7-1(b). *Id.*

## II. LEGAL STANDARD

Injunctive relief is a matter of equitable discretion and "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 24, 32 (2008) (citation omitted); Fed. R. Civ. P. 65. The standard for issuing a temporary restraining order is "substantially identical" to the rule for granting a preliminary injunction. *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (citation omitted). A "TRO should be restricted to preserving the status quo and preventing irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing and no longer." *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (internal quotations omitted) (cleaned up).

Temporary restraining orders may only issue where the moving party has clearly shown: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. *See Winter*, 555 U.S. at 20, 22 (citations omitted). "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quotation omitted). "If a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotations omitted) (cleaned up).

## III. DISCUSSION

Plaintiff has neither shown a clear likelihood of success on the merits, nor raised serious questions concerning his Section 1 claim.[2]

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust

[2] The Court declines to consider the likelihood of success on the merits of Plaintiff's state law claim, as the Court would exercise its discretion to decline supplemental jurisdiction over that claim absent a viable federal claim.

or otherwise, or conspiracy, in restraint of trade or commerce." 15 U.S.C. § 1. Despite its absolute terms, only "unreasonable" restraints of trade are unlawful. *State Oil Co. v. Khan*, 522 U.S. 3, 10 (1997). Generally, a "three-step, burden-shifting framework" applies to Section 1 claims to distinguish "between restraints with anticompetitive effect that are harmful to the consumer and restraints stimulating competition that are in the consumer's best interest." *Blythe v. NCAA*, No. 26-1106, 2026 WL 2653349, at *5 (9th Cir. Sept. 9, 2026), *explaining* 2026 WL 2494580 (9th Cir. Apr. 8, 2026) (*quoting NCAA v. Alston*, 594 U.S. 69, 96 (2021)). For that first step, "[t]he plaintiff has the initial burden to prove that the challenged restraint has a substantial anticompetitive effect that harms consumers in the relevant market." *Blythe*, 2026 WL 2653349, at *5 (*quoting Ohio v. Am. Express Co.*, 585 U.S. 529, 541–42 (2018)). As a part of this showing, a plaintiff must allege and the court must define the relevant market to be able to "assess whether a rule has an anticompetitive effect." 2026 WL 2653349, at *5–6 (quotation omitted). Without doing so, "there is no way to measure the defendant's ability to lessen or destroy competition." *Am. Express*, 585 U.S. at 543 (cleaned up). The relevant market is "the area of effective competition, meaning the arena within which significant substitution in consumption or production occurs." *Blythe*, 2026 WL 2653349, at *5 (internal quotations omitted). "In the labor market context, as here, the market is comprised of those employers seen by workers as reasonably good substitutes." *Id.*

Controlling Ninth Circuit authority squarely governs this case. In *Blythe*, the court held that a college baseball player failed to clearly establish a likelihood of success on the merits of his Section 1 claim and vacated a preliminary injunction. 2026 WL 2653349, at *1. Though Plaintiff is correct that the court held that the NCAA's Five-Year rule is a commercial restraint subject to the federal antitrust laws, *id.* at *3–4; Compl. ¶ 31; Mot. at 2–3, that was not the court's relevant holding for the purposes of this case.

The Ninth Circuit held that the *Blythe* plaintiff failed to introduce evidence of market definition, and that the trial court in turn misdefined the relevant market. 2026 WL 2653349, at *6. As his motion appears to concede, Plaintiff "must do more than show that the rule affects him; the antitrust market and competitive effects showing must be legally and factually supported. This

United States District Court
Northern District of California

section must be reviewed before filing."[3] Mot. at 3. But unlike the at least "paltry" evidence offered in *Blythe*, the Motion and Complaint provide no evidence regarding market definition at all. *Compare* 2026 WL 2653349, at *6–7 *with* Mot. & Compl. *passim*.

In addition, as in *Blythe*, Plaintiff in this case has "provided no evidence beyond his own personal exclusion from that market to support his claim" of "a substantial anticompetitive effect" in the (undefined) market. 2026 WL 2653349, at *7. As the Seventh Circuit has explained, that is insufficient under the federal antitrust laws because Plaintiff "is not a rival of the NCAA, and he has not drawn a link from his exclusion to an adverse effect on an existing or potential rival of the NCAA." *Fourqurean v. NCAA*, 143 F.4th 859, 870 (2025) (citation omitted).

Plaintiff's Section 1 claim as pled is not likely to succeed on the merits, and Plaintiff has not raised serious questions regarding that claim either. Because Plaintiff does not establish an entitlement to the extraordinary relief of a temporary restraining order, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

Dated: October 5, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

[3] The Court notes that this last sentence from Plaintiff's moving papers may reflect that this filing was generated in part by an AI tool. The Court reminds Plaintiff that he must ensure that all filings comply with his obligations under Federal Rule of Civil Procedure 11.